# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BENEDICT MOHIT, Individually and as
Trustee for Gita N. Mohit Family Trust,

Plaintiff,

v.  CASE NO.: 8:18-cv-01775-T-17-JSS

CITY OF HAINES CITY, a Political Subdivision
of the State of Florida,

Defendant.
_____/

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

The Plaintiff files this suit against the Defendant for depriving him, by regulations, of the use of his property for the conduct of *bona fide (commercial)* crop and animal production activities and farming operations on his farm, where his farm is classified as agricultural lands pursuant to §193.461, Fla. Stat., (*Greenbelt Law*), and where his pre-existing and proposed farm uses are statutorily exempted and pre-empted by the State of Florida and/or the U.S. Government.

## PARTIES

1. The *pro se* Plaintiff is Benedict Mohit ("MOHIT") and his property, a farm firm, is located in the R-2 zoned single family residential district of the City of Haines City, Polk County, Florida.



1

2. The Defendant is the City of Haines City, a Political Subdivision of the State of Florida ("CITY"), located in Haines City, Polk County, Florida.

## JURISDICTION

3. The federal statutes and/or provisions of the United States Constitution that are at issue in this case are (1) Fifth Amendment, 42 U.S.C. §1983, (2) Fourteenth Amendment, and (3) Federal Fair Housing Act, 42 U.S.C. §§ 3601-3619, Title VIII of the Civil Rights Act.

4. The subject property is located in Polk County, Florida.

## STATEMENT OF FACTS

5. CITY derives its authority to adopt and enforce land development regulations and ordinances via Florida Statutes, Chapter 166, the "Municipal Home Rule Powers Act."

6. CITY, by ordinance adopted prior to July 05, 2012, did not permit the conduct of farm uses or farm production activities in its R-2 zoned residential district.

7. CITY adopted its current land development regulations, Ordinance No. 12-1424, on July 05, 2012, and it is currently in effect.

8. The conduct of *bona fide* (*commercial*) crop production, animal production, and all other bona fide farm operations and farm activities <u>are not permitted uses</u>, by Ordinance No. 12-1424, on lands located in the CITY's R-2 zoned residential district. Exhibit A.

9. MOHIT's farm is located in the R-2 zoned single family residential district of the City of Haines City, Polk County, Florida.

10. MOHIT and his wife, Gita N. Mohit purchased the real property, an abandoned citrus orchard, in May 2012.

11. MOHIT began commercial pasture and growing of hay in May 2012, and the farm firm has been classified as agricultural lands pursuant to §193.461, Fla. Stat., (*Greenbelt Law*), since January 01, 2013.

12. MOHIT is and has always been desirous of conducting on his farm firm, *bona fide (commercial)* farm uses which are exempted, pre-empted, or regulated by the State of Florida and/or regulated by the U.S. Federal Government.

13. MOHIT's *Greenbelt* farm conformed to generally accepted agricultural and management practices at the time of its agricultural classification, it has been in operation for more than 1 year, and it has not been declared as a nuisance at any time by CITY.

14. MOHIT is and has always been desirous of building his home on his farm located in Haines City with revenues from this farm.

15. MOHIT has not earned any revenues from his *Greenbelt* farm.

16. MOHIT owns two additional *Greenbelt* farms in central Florida, he is trained at the tertiary level in agricultural sciences, and he has been serving our agricultural industry as a federal accredited, licensed veterinarian for more than twenty-five years.

17. MOHIT's desire to conduct bona fide farming is supported by §823.14, Fla. Stat., Florida Right to Farm Act; §163.3162, Fla. Stat., Agricultural Land and Practices Act; and §604.001, Fla. Stat., in which Florida Legislature finds that, "The encouragement, development, improvement, maintenance, and preservation of bona fide agriculture will result in a general benefit to the health, safety, and welfare of the people of the state."

18. MOHIT's proposed conduct of bona fide farming is protected from local regulatory control by the findings of the Circuit Court of the Tenth Judicial Circuit, Polk County, Florida

which states that, "Pursuant to Section 823.14 and Section 163.3162, Florida Statutes, local governments do have the right to regulate agricultural activities, but that **local governments may not adopt any ordinance, regulation, rule, or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land classified as agricultural** where such activity is regulated through implemented best management practices or interim measures developed by the Department of Environmental Protection, the Department of Agriculture and Consumer Services, or water management districts and adopted under Chapter 120 as part of a statewide or regional program." *Mohit v. City of Haines City,* Case No. 2014-CA-004014. Exhibit B. Emphasis added.

19. The State of Florida regulates numerous farm uses through implemented best management practices adopted as rules under Chapter 120 of the Florida Administrative Code including, Rule 5M-6, Florida Container Nursery (*horticulture*); Rule 5M-8, Florida Vegetable and Agronomic Crops (*hay*); Rule 5M-9, Florida Sod; Rule 5M-11, Florida **Cow/calf** Operations; Rule 5M-14, Florida Equine Operations; Rule 5M-16, Florida **Citrus**; Rule 5M-17, Florida Dairies; Rule 5M-19, Florida Poultry; Rule 5I-6, Florida **Silviculture**; and Rule 5L-3, Florida Aquaculture. Exhibit C.

20. CITY land development regulations (Exhibit A), adopted in July 2012, states as follows:
    a. Sec. 5-2: It shall be unlawful for any person to keep or cause to be kept or to have in his possession or under his custody or control within one hundred (100) yards of any neighboring house, abode, or habitation, within the city limits, any **chickens, ducks, guineas, quail, pigeon, partridge or pheasant or the like**; and it shall be unlawful for any person to keep or cause to be kept or have in his possession, or under his custody and control, any **pig, goat, sheep, horse, cow, cattle, or any tamed or captive wild animal** or reptile within the city limits; provided, any person maintaining any such animals or fowl prior to

4

September 7, 1961, shall be permitted to continue to keep the same animals or fowls only so long as they shall maintain the same in an enclosure and in such a manner as not to become a nuisance.

b. Sec. 5.6.3 (B) – Permitted uses in R-2 Residential District:
Family dwellings; public recreational facilities; schools and colleges; houses of worship; and cemeteries.

c. Sec. 5.6.3 (D4) prohibits any use not specifically permitted by 5.6.3 (B).

## COUNT I: REGULATORY TAKINGS OF MOHIT'S FARM FIRM WITHOUT JUST COMPENSATION

21. MOHIT re-alleges and adopts by reference paragraphs 1 through 20 above.

22. MOHIT brings Count I against CITY, alleging a regulatory taking of his property, his farm firm, without just compensation in violation of the Fifth Amendment and of the Fourteenth Amendment of the United States Constitution.

23. CITY's Ordinances adopted prior to and after July 05, 2012, are alleged to prohibit, restrict and limit the conduct of bona fide farm uses on MOHIT's *Greenbelt* farm depriving him of his statutory rights to conduct bona fide farming as set forth under §586.10, §586.055, §163.3162, §163.3164 (14), §380.04 (3e), and §823.14, Florida Statutes.

24. CITY was informed prior to this dispute that its regulations of the conduct of bona fide farm uses on *Greenbelt* farms, including MOHIT's farm, might be in violation of state law.

25. MOHIT has a legitimate right to use his property, a Florida *Greenbelt* farm firm, for the conduct of bona fide farm uses which are regulated by the State of Florida as set forth under §586.10, §586.055, §163.3162, §163.3164 (14), §380.04 (3e), and §823.14, Fla. Stat., and

5

he expects to obtain a fair profit on his farm operations and to use those profits to finance the construction of his family home.

26. MOHIT has suffered injury-in-fact because of constraints placed on the use of his farm firm by CITY through its Ordinances and Resolution.

27. Pursuant to §823.14, §163.3162, §163.3164, and §380.04, Fla. Stat., CITY is barred from adopting ordinances which prohibit bona fide farm uses because Florida Statutes, §166.21 of the Municipal Home Rule Powers Act states that, "(1) Powers - As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, **except when expressly prohibited by law**."

28. MOHIT's proposed bona fide farming is protected by Florida Statutes, §163.3162 (*and similar language in §823.14*), which states in part that, "A governmental entity may not exercise any of its powers to adopt or enforce any ordinance, resolution, regulation, rule, or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land classified as agricultural land pursuant to s.193.461."

29. MOHIT's planned conduct of bona fide farming is protected by the findings of the Florida First District Court of Appeal which finds that, "The plain, unambiguous terms of section 163.3162(4) Fla. Stat., prevent counties from adopting ordinances relating to agriculture." *J-II Investments, Inc. v. Leon County*, 908 So.2d 1140 (Fla. Dist. Ct. App. 2005).

30. MOHIT's proposed conduct of bona fide farming is protected by §823.14, Fla. Stat., "Florida Right to Farm Act" because Florida Fourth District Court of Appeal finds that,

"[T]he Right to Farm Act provisions restricting local government from adopting ordinances restricting farming activities did not become effective until June 16, 2000." *Wilson v. Palm Beach County*, 62 So. 3d 1247 (Fla. Dist. Ct. App. 2011).

31. MOHIT's proposed conduct of bona fide farming is one of the eight uses exempted from the "development" of land as established by the findings of the Florida Fifth District Court of Appeal which finds that, <u>bona fide farming activities are **exempted** from land development regulations</u> adopted pursuant to Chapter 163.00, Part II, Laws of Florida, via the statutory definition of "development" as set forth in §380.04 (3e) and §163.3164 (14) Fla. Stat., and the Fifth DCA **<u>reversed</u>** the trial court which ***incorrectly concluded*** that the farmer, whose cattle grazing activity was located on residential zoned lands, must comply with the local Land Development Code by having his agricultural activity properly permitted. *Love PGI Partners v. Schultz* 706 So.2d 887 (Fla. 5th DCA 1998).

32. Another exempted use from land "development" is explained by Florida Third District Court of Appeal which finds that, "Monroe County's primary contention on appeal is that the FDCA (*Florida Department of Community Affairs*) lacks jurisdiction over the subject matter because the County's <u>road work is not "development," as that term is defined under section 380.04, Florida Statutes</u> (1987). We agree." "Where the language of a statute is unambiguous it must be accorded its plain meaning. *Citizens of the State of Florida v. Public Service Commission,* 425 So.2d 534 (Fla. 1982); *Trushin v. State,* 475 So.2d 1290 (Fla. 3d DCA 1985). Further, in construing a statute, courts cannot attribute to the legislature an intent beyond that expressed. *Public Health Trust of Dade County v.*

7

*Lopez*, 531 So.2d 946 (Fla. 1988)." *BD. OF MONROE CTY. COM'RS v. Dept. of Community Affairs*, 560 So. 2d 240 (Fla. Dist. Ct. App. 1990). Emphasis added.

33. MOHIT's plan to conduct bona fide farming in a residential zoned district is protected from local zoning restrictions because the Supreme Court of Florida **disapproved** *Robbins v. Yusem* in Case No. 92,803 (1999), on *Schultz's* appeal. In *Robbins*, the Third DCA ***incorrectly*** held that, "No statute, judicial decision, or principle of equity permits us to sanction an illegal act by conferring upon the taxpayer substantial tax relief at the expense of other taxpayers. Accordingly, we conclude that, as a matter of law, agricultural use of property in violation of applicable zoning regulations cannot be considered "good faith" bona fide agricultural use of the land entitling its owner to an agricultural exemption." *Robbins v. Yusem*, 559 So. 2d 1185 (Fla. Dist. Ct. App. 1990).

34. MOHIT's proposed conduct of bona fide farming benefits all Floridians, including residents of the City of Haines City, because Florida Legislature finds in §823.14, Fla. Stat., Florida Right to Farm Act; in §163.3162, Fla. Stat., Agricultural Land and Practices Act; and in §604.001, Fla. Stat., that, "The encouragement, development, improvement, maintenance, and preservation of bona fide agriculture will result in a general benefit to the health, safety, and welfare of the people of the state."

35. Florida Statutes, §604.001, asserts that, "Public policy with respect to agricultural production.--The Legislature declares that: (1)  It is the public policy of this state and the purpose of this act to achieve and maintain the production of agricultural commodities for food and fiber as **an essential element for the survival of mankind**. (2) The production of agricultural commodities in this state is a large and basic industry that is important to

8

the health and welfare of the people and to the economy of the state. (5) <u>It is important to the health and welfare of the people of this state and to the economy of the state that additional problems are not created for growers and ranchers engaged in the Florida agricultural industry by laws and regulations that cause, or tend to cause, agricultural production to become inefficient or unprofitable.</u> (6) The laws and regulations that have caused problems for agricultural production in this state have been due primarily to a lack of adequate and informed consideration of the adverse impact such laws and regulations would have on efficient and profitable agricultural production in this state."

36. CITY, by the alleged prohibition, restriction, and limitation of MOHIT's existing and proposed farm uses through adopted Ordinances and Resolutions, deprived MOHIT of all economic, beneficial, and productive use of his *Greenbelt* farm.

37. MOHIT has suffered injury-in-fact that is concrete and actual because the CITY's land development regulations have rendered MOHIT's pre-existing and proposed bona fide commercial *Greenbelt* farming activities arguably *unlawful*.

38. WHEREFORE, MOHIT demands damages for just compensation for the regulatory takings of his farm firm in accordance with the U. S. Constitution, and to be determined by this honorable court.

## COUNT II: VIOLATION OF DUE PROCESS

39. MOHIT re-alleges and adopts by reference paragraphs 1 through 20 above.

40. Due process requires government officials to follow fair procedures before depriving a person of life, liberty, or property, so MOHIT brings Count II against CITY for violation

of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

41. CITY Ordinances adopted before and after July 05, 2012, does not permit in its R-2 zoned residential district in which MOHIT's *Greenbelt* farm is located, the conduct of any farm production activities which are exempted and/or pre-empted by the State of Florida and/or the U.S. Government.

42. CITY's Ordinances which regulate bona fide farm uses on *Greenbelt* farms are alleged to be in violation of Florida Statutes as set forth under §586.10, §586.055, §163.3162, §163.3164 (14), §380.04 (3e), and §823.14.

43. MOHIT was deprived by CITY Ordinances from practicing his occupation as a farmer trained at the university level in agricultural sciences.

44. MOHIT was deprived by CITY Ordinances from obtaining any revenues for the conduct of farming and sale of any such farm products.

45. CITY, by ordinance, deprived MOHIT of his constitutional and statutory rights for the use of his property to conduct bona fide commercial farm production activities on his *Greenbelt* farm, and from the right to build his home on his farm by restricting his farm income.

46. CITY, by resolution, granted MOHIT's neighbor, Mr. Groullon, whose farm was not classified as agricultural (*Greenbelt*), the right to keep an **unlimited** number of animals and of **any species** on his 40-acre farm. Exhibit D.

47. WHEREFORE, MOHIT demands judgment for damages in accordance with the U.S. Constitution, and to be determined by this honorable court.

## COUNT III: VIOLATION OF THE FAIR HOUSING ACT

48. MOHIT re-alleges and adopts by reference paragraphs 1 through 20 above.

49. MOHIT brings Count III against CITY for discrimination when enforcing its land development regulations on the use of his lands for the conduct of bona fide farming and to build his home on this *Greenbelt* farm from the revenues derived from the sale of his farm products, in violation of his rights guaranteed under the Federal Fair Housing Act, 42 U.S.C. Sections 3601-3619, Title VIII of the Civil Rights Act.

50. MOHIT belongs to the protected classes of the Fair Housing Act, by virtue of his race, color, religion, and national origin.

51. CITY, by resolution, granted MOHIT's neighbor, Mr. Groullon, the right to keep an **unlimited** number of animals and of **any species** on his 40-acre farm. Exhibit D.

52. CITY, by resolution, permits a maximum of 20 cattle on MOHIT's 20-acre farm; the resolution does not permit him to keep any other species of animals except for cattle, goats, and horses; the resolution limits MOHIT farming activities to ten (10) years; and the resolution is currently in effect. Exhibit E.

53. CITY and its Officials knew that by restricting the number of animals on MOHIT's *Greenbelt* farm it would result in him not being able to generate sufficient profits to finance the construction of his home, and that the 10-year limit for farm uses economically strangles capital investment for his farm or obtaining a 30-year home mortgage.

54. MOHIT believes that CITY enforced its Ordinance in a manner to discriminate against him in the use of his land because of his race, color of his skin, and his national origin.

55. WHEREFORE, MOHIT demands judgment for damages to be determined by the court.

## RELIEF

56. WHEREFORE, Plaintiff MOHIT demands judgment for (1) just compensation and damages to be determined by this honorable court for the regulatory takings of his farm firm, (2) for other damages to be determined by the court, and (3) any other relief determined by this honorable court to be fair and just.

## CERTIFICATION

57. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

58. I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: July 17, 2018

*Benedict Mohit*
Benedict Mohit, Pro Se,
1520 Sunrise Plaza Drive,
Clermont, Fl. 34714.
Tel: 407-579-8337
Email: dvmohits@gmail.com