UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENEDICT MOHIT,

    Plaintiff,

v.                                          Case No. 8:18-cv-1775-T-33JSS

CITY OF HAINES CITY,

    Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant City of Haines City's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 44), filed on October 1, 2019. Plaintiff Benedict Mohit, proceeding pro se, responded on October 9, 2019. (Doc. # 45). For the reasons given below, the Motion is granted and Counts II and III of Mohit's Second Amended Complaint are dismissed with prejudice.

**I.  Background**

The factual background of this case is amply and well presented in United States Magistrate Judge Julie S. Sneed's July 9, 2019 Report and Recommendation, pertaining to Haines City's motion to dismiss the first amended complaint. (Doc. # 40). The Court presumes the parties are familiar with the findings and conclusions contained in the Report and

Recommendation, which the Court later adopted without objection from either party. (Doc. # 42). Accordingly, the Court will only present here an essential summary of the facts.

In July 2012, Haines City adopted its current land development regulations in the form of Ordinance No. 12-1424 ("LDR") which, in pertinent part, prohibits any person from keeping farm animals within the City limits and requires a conditional use permit to use residentially zoned property for agricultural purposes. (Doc. # 43 at 7; Doc. # 40 at 1). Mohit's 20-acre property, which he purchased in May 2012, was within the residential zone impacted by the LDR. (Doc. # 43 at 1, 2).

In May 2015, pursuant to a court order, Mohit submitted an application for a conditional use permit to pursue certain agricultural activities on his property. (Doc. # 43 at 11; Doc. # 40 at 2). On August 6, 2015, the City Commission passed Resolution No. 15-1153 (the "Conditional Use Permit") granting Mohit permission to conduct agricultural activities on his property subject to certain conditions. (Doc. # 43 at 11; Doc. # 43-1 at 11-14). Specifically, he was limited to twenty cattle, twenty goats, and five horses, and he was not allowed to operate feed lot operations or swine production.

(Doc. # 43-1 at 11). The Conditional Use Permit also required Mohit to reapply for a new permit in ten years. (Id. at 13).

Mohit filed suit against Haines City in state court alleging, among other things, that the LDR and the Conditional Use Permit violated certain Florida statutes that prohibit duplicative regulation of agricultural activities. (Doc. # 26-2 at ¶¶ 42-104; Doc. # 40 at 2). The state trial court eventually granted summary judgment to the City on those counts. (Doc. # 26-4; Doc. # 26-6; Doc. # 40 at 3). Once Mohit's state case was concluded, he filed a complaint in federal court. (Doc. # 1; Doc. # 40 at 4).

After this Court dismissed Counts II and III of Mohit's first amended complaint without prejudice, Mohit filed, pro se, a second amended complaint on August 27, 2019. (Doc. # 43). As before, Mohit raises three causes of action against Haines City: (1) taking of property without just compensation, in violation of the Fifth Amendment (Count I); (2) violation of due process and equal protection under the United States Constitution (Count II); and (3) violation of the federal Fair Housing Act (FHA) (Count III). (Id. at 15-32). Haines City has filed a Motion to Dismiss (Doc. # 44), to which Mohit has responded (Doc. # 45), and the Motion is ripe for review.

## II. Legal Standard

When considering a motion to dismiss brought under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must limit its consideration to well-pled

factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.[1] La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Although pro se pleadings are held to a less stringent standard than pleadings prepared by attorneys, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules. Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (stating that "[a]lthough we construe them liberally, pro se pleadings also must comply with the procedural rules that govern pleadings").

### III. Analysis

#### A. Count I: Takings Clause Claim

As an initial matter, Haines City does not appear to seek dismissal of Count I in its current Motion because its arguments are confined to the claims in Counts II and III.

---

[1] As discussed in Judge Sneed's Report and Recommendation, the Court takes judicial notice of the records of the state court action and of Haines City's Land Development Regulations and may do so without converting the motion to dismiss into a motion for summary judgment. (Doc. # 40 at 6-7).

See (Doc. # 44 at 7-22). To the extent Haines City attempts to argue that the Fifth Amendment's prohibition on the taking of property without just compensation does not apply to state action, (Id. at 7), such an argument is contravened by clear precedent. See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 175 n.1 (1985), overruled on other grounds by Knick v. Twp. of Scott, Penn., 139 S. Ct. 2162 (2019) ("The Fifth Amendment's prohibition, of course, applies against the States through the Fourteenth Amendment."). Thus, to the extent Haines City seeks dismissal of Count I, its Motion is denied.

**B.   Count II: Due Process Claim**

Count II of Mohit's second amended complaint is for "violation of due process and equal protection." (Doc. # 43 at 18).

As the Eleventh Circuit has explained, and as Judge Sneed's Report and Recommendation previously laid out, the substantive component of the Due Process Clause only protects rights that are "fundamental," such as those rights created by the Constitution. Kentner v. City of Sanibel, 750 F.3d 1274, 1279 (11th Cir. 2014). Because property rights are not created by the Constitution but, rather, are creatures of state law, "there is generally no substantive due process

6

protection for state-created property rights." Id. "There is, however, at least one exception to this Circuit's general rule that there are no substantive due process claims for non-fundamental rights. Where a person's state-created rights are infringed by a 'legislative act,' the substantive component of the Due Process Clause generally protects that person from arbitrary and irrational governmental action." Id. at 1279-80 (citing Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005)).

The linchpin of this analysis is whether the governmental acts complained of are executive or legislative in nature. Id. at 1280. As the Eleventh Circuit explained:

> Executive acts typically arise from the ministerial or administrative activities of the executive branch and characteristically apply to a limited number of people, often to only one. This includes employment terminations or individual acts of zoning enforcement.
>
> Legislative acts, on the other hand, generally apply to a larger segment of — if not all of — society. Laws and broad-ranging executive regulations are the most common examples. A legislative act also involves policy-making rather than mere administrative application of existing policies. Prospective "zoning-type decisions made by an elected body" are often legislative or quasi-legislative.

Id. (citations, quotation marks, and alterations omitted).

Here, the property rights asserted by Mohit are state-created rights, as Mohit concedes. See (Doc. # 43 at 2, 10, 16, 20). Thus, they are not fundamental rights and the Due Process Clause will only be implicated if those property rights were infringed by a legislative act of the City.

The City actions that Mohit complains of are: (1) adopting regulations that improperly regulate his farming activities (Doc. # 43 at 18, 20); (2) the City "meanly applied" its regulations to him via the Conditional Use Permit (Id. at 22); (3) a citation he received from the City in August 2018 about his hay crop being more than 12 inches high in violation of a City nuisance ordinance (Id.); (4) City officials' alleged actions in July 2014 "threaten[ing] to shut [Mohit's] Farm down, impose penalty fines and place a lien" on his farm unless he filed an application for a conditional use permit (Id. at 22-23); (5) the Conditional Use Permit's ten-year limitation (Id. at 23); (6) the City's alleged arbitrary decision prohibiting him from changing the use of his farmland from growing hay to grazing livestock (Id.); and (7) the City prohibited him from erecting a barbed wire fence on his farm. (Id. at 24).

As this Court has previously determined, the City's action of granting Mohit's Conditional Use Permit was an

executive action because it affected Mohit alone. (Doc. # 40 at 16). In addition, the other alleged City actions that Mohit points to in his second amended complaint were similarly directed solely at Mohit and, thus, are executive actions that are not actionable under the substantive component of the Due Process Clause. See Kentner, 750 F.3d at 1280 (explaining that executive actions "characteristically apply to a limited number of people, often to only one. This includes . . . individual acts of zoning enforcement"). For example, the City's citation for having hay growing more than 12 inches tall or prohibiting Mohit from having a barbed wire fence – both of which are in line with the City ordinances cited by Mohit in his second amended complaint – are individual acts of zoning enforcement. See (Doc. # 43 at 15).

Thus, no matter how arbitrary these decisions were on the part of the City, they do not give rise to a substantive due process cause of action. "[A]n as-applied challenge to a land-use statute never gives rise to a substantive-due-process claim when the sole basis for the challenge is allegedly arbitrary behavior that does not infringe on a fundamental right." Hillcrest Prop., LLP v. Pasco Cty., 915 F.3d 1292, 1302 (11th Cir. 2019) ("We cannot be clearer on this point: regardless of how arbitrarily or irrationally the

[City] has acted with respect to [plaintiff], [plaintiff] has no substantive-due-process claim.").

However, as before, the Court can discern that Mohit also appears to challenge the LDR which, as it previously concluded, is a challenge to a legislative act. (Doc. # 40 at 17). In such circumstances, the Court must proceed beyond the "fundamental rights" inquiry.

"Substantive due process challenges that do not implicate fundamental rights are reviewed under the 'rational basis' standard." Kentner, 750 F.3d at 1280. Under rational basis scrutiny, "the challenged provision need only be rationally related to a legitimate government purpose." Schwarz v. Kogan, 132 F.3d 1387, 1390-91 (11th Cir. 1998). Put another way, if there is "any conceivably valid justification" for the challenged legislative act, and if there is "any plausible link between the purpose of the [legislative act] and the methods selected to further this purpose, then no violation of substantive due process exists." Id. at 1391. This standard is "highly deferential" and courts will hold legislative acts unconstitutional under a rational basis standard "in only the most exceptional of circumstances." Kentner, 750 F.3d at 1280.

Mohit claims in his second amended complaint that the LDR is unconstitutional because it violates Florida law, is "unreasonable, arbitrary and capricious," has no rational basis, did not result in a general benefit to the health, safety, and welfare of the public, and made farm production inefficient and unprofitable. (Doc. # 43 at 18).

Even accepting Mohit's factual allegations as true, Mohit fails to plausibly allege that the LDR lacks any rational basis. First, Mohit argues that the City regulations are arbitrary and are without rational basis because they violate two Florida statutes that prohibit "duplication of state regulation" with respect to agricultural lands – Fla. Stat. § 163.3162(a) and § 823.14(6). (Doc. # 43 at 18-20). However, the state trial court has already determined that the LDR and Conditional Use Permit are not in violation of Florida law, including these provisions. Mohit also argues that the challenged regulations are not rationally related to any legitimate government purpose because, in a state trial court hearing, the City Attorney admitted that the regulations may not be in complete conformance with Florida law. (Id. at 22). But, again, this issue has already been determined by the Florida state court.

The remainder of Mohit's allegations, as before, fail to plausibly allege that the LDR lacks any rational basis. He claims that City regulations were "meanly applied" to him, and he labels the LDR as "unreasonable, arbitrary, and capricious" and lacking a rational basis, but these are bald legal conclusions, without offering any factual explanation to support these contentions. Iqbal, 556 U.S. at 678 (explaining that a complaint cannot tender "naked assertions" devoid of further factual enhancement). Despite being advised in the Report and Recommendation to include allegations regarding how the actual substance of the LDR is arbitrary or capricious with regard to its impact on the property owners of Haines City generally, Mohit's second amended complaint fails to provide such allegations. Accordingly, this portion of Count II must be dismissed.

**C.   Count II: Equal Protection Claim**

Mohit also brings an equal protection claim. The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner. Gary v. City of Warner Robins, 311 F.3d 1334, 1337 (11th Cir. 2002) (citing U.S. Const. amend. XIV, § 1). If an ordinance does not infringe upon a fundamental right or target a protected class, equal protection claims are judged under the rational basis

test. Id. That means that the ordinance must be rationally related to the achievement of a legitimate government purpose. Id. "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id. at 1339 (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985)).

To establish a "class of one" equal protection claim, the plaintiff must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Foley v. Orange Cty., 638 F. App'x 941, 944 (11th Cir. 2016). "To be similarly situated, the comparators must be prima facie identical in all relevant respects." Id. (citing Grider v. City of Auburn, 618 F.3d 1240, 1264 (11th Cir. 2010)).

In his second amended complaint, Mohit alleges that his farm is "similarly situated in pertinent ways to some of his neighbors' farms because all *Greenbelt* farm lands are used for the 'purpose of growing plants, crops, trees, and other agricultural or forestry products; raising livestock; and for other agricultural purposes." (Doc. # 43 at 21). He claims that farms to the north are subject to different LDRs that allow more liberal agricultural uses of the land. (Id. at

20). He also points, as before, to a neighbor who was granted a permit allowing him to keep an unlimited number of animals of any species on his farm. (Id. at 24).

As previously held, this falls far short of stating a viable equal protection claim. The Court previously determined that the one comparator farm that Mohit has identified is twice the size of Mohit's 20-acre farm and, thus, Mohit failed to identify any similarly situated properties. (Doc. # 40 at 19). And, as previously held, Mohit's vague allusion to "some of his neighbors' farms" is too vague and conclusory to satisfy the pleading standard set forth in Twombly and Iqbal. (Doc. # 40 at 19-20); see Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1342 (S.D. Fla. 2014) (holding that, absent an allegation of at least one similarly situated comparator, plaintiffs failed to state a "class of one" equal protection claim); see also Iqbal, 556 U.S. at 680 (to be actionable, a plaintiff's allegations must "nudge" his claims across the line from conceivable to plausible).

Finally, as before, Mohit has not sufficiently alleged that the City's regulatory actions were not rationally related to a legitimate government purpose. While he complains that the regulations were "meanly applied" to him,

and that the City "arbitrarily" prohibited him from changing his hay crop to livestock, these allegations are far too conclusory to support a claim that the City's actions were arbitrary and capricious. Accordingly, this portion of Count II is dismissed.

  **D.**  **Count III: FHA claim**

Lastly, Mohit continues to bring a claim under the FHA, despite this Court's previous decision that his claim was both inadequately pled and untimely. (Doc. # 40 at 23, 26). The Court warned Mohit that "to avoid a second dismissal, he must plead a facially sufficient and timely FHA claim by alleging actions taken against him by the City on or after August 6, 2017, that would represent a violation of the FHA." (Id. at 26).

To avoid this time-bar, Mohit alleges that the City violated the FHA by (1) finding him to be in violation of a City ordinance requiring certain plants or crops to be under 12 inches in height, on August 30, 2018; (2) charging him a $53 stormwater assessment on November 1, 2018; and (3) enforcing the LDR zoning resolution and/or granting him the Conditional Use Permit on terms he dislikes. (Doc. # 43 at 25, 26). Mohit claims that the City took these actions due to

15

discrimination against him based on his race, color, and national origin. (Id. at 26).

This Court has previously held that Mohit did not present a facially plausible claim that the City's actions in adopting the LDR and approving Mohit's application for a Conditional Use Permit constitute intentional discrimination, resulted in a discriminatory impact, or represent a refusal to make a reasonable accommodation in violation of the FHA. (Doc. # 40 at 22). The Court determined that the LDR is facially race-neutral, nor had Mohit alleged that the City harbored a discriminatory intent in adopting the LDR. (Id. at 22-23).

What's more, as this Court previously held, to the extent Mohit challenges the passage of the LDR or the granting of the Conditional Use Permit, the City approved the Conditional Use Permit on August 6, 2015, and thus the two-year statute of limitations under the FHA ran in August 2017. (Doc. # 40 at 24). To avoid this ruling, Mohit also alleges two actions taken against him in 2018. First, the Court notes that both of these actions took place **after** Mohit filed his original complaint in July 2018, so it is difficult to see how they could form the basis for his FHA claim. In any event, Mohit has not alleged that the City's action in serving the hay citation and stormwater charge were not authorized by the

City's LDRs, codes, or ordinances. He also does not allege that his crops were less than 12 inches high (and thus, he was not in violation of the City nuisance ordinance) or that other people were not levied similar stormwater fees. Most importantly, these allegations fail to plausibly allege or suggest intentional discrimination, a discriminatory impact, or a refusal to make a reasonable accommodation. See <u>Bonasera v. City of Norcross</u>, 342 F. App'x 581, 583 (11th Cir. 2009) (explaining that plaintiffs can establish a violation of the FHA by alleging (1) intentional discrimination; (2) discriminatory impact; or (3) a refusal to make a reasonable accommodation).

Mohit alleges that "[t]he City's regulations are colorblind but Officials Bennett, Elaison, Greenwood, and Reilly may not be" and that those same officials "harbored a discriminatory intent" against him. Such allegations, without more, are too vague and conclusory to support a plausible claim for a violation of the FHA. See <u>Franklin v. Curry</u>, 738 F.3d 1246, 1251 (11th Cir. 2013) ("Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement."). For these reasons,

Mohit's FHA claim must be dismissed for failure to plausibly allege a claim and because it is untimely.

## IV. Conclusion

This is Mohit's third attempt to plead a cause of action that meets the minimal pleading requirements of the Federal Rules of Civil Procedure. Despite the clear directives contained in Judge Sneed's Report and Recommendation, Mohit's second amended complaint failed to rectify the deficiencies identified in the Report and Recommendation. Under these circumstances, any further amendments would be futile, and the Court will not allow Mohit further opportunities to amend these claims. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (explaining that district courts need not allow amendment when it would be futile). Accordingly, Counts II and III of Mohit's second amended complaint are dismissed with prejudice. Count I will proceed.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant City of Haines City's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 44) is **GRANTED.** Counts II and III of the second amended complaint are dismissed with prejudice.

(2) Defendant is directed to file an answer to Count I within 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of March, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE